UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID N. KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION and S.A CHALLENGER, INC.,<br><br>    Defendants. | No. 2:21-cv-00267 KJM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

1  baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
2  (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton
3  Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
4  1037 (2011).

5       The court applies the same rules of construction in determining whether the complaint
6  states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
7  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
8  construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
9  less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520
10 (1972). However, the court need not accept as true conclusory allegations, unreasonable
11 inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,
12 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
13 to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
14 556 U.S. 662, 678 (2009).

15      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
16 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has
17 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
18 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
19 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
20 to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v.
21 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
22 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

23     A.  The Complaint
24      Plaintiff brings a complaint for wrongful foreclosure, quiet title, and several related claims
25 against U.S. National Bank and S.A. Challenger, Inc. regarding the September 27, 2013
26 foreclosure of plaintiff's property at 611 16th St., Sacramento, CA 95814. ECF No. 1 at 2.
27 Plaintiff's complaint is substantively identical to a complaint filed in a recently closed case. In
28 2013, plaintiff filed a separate action against U.S. National Bank, S.A. Challenger, Inc., and T.D.

1 | Service Company, alleging the same causes of action regarding the same foreclosure of the same
2 | property. Kahn v. U.S. National Bank, 2:13-cv-2596 KJM CKD (E.D. CA. 2013) ("Khan I").

  B.  Analysis

  The claims that plaintiffs bring here have already been litigated in Khan I. That action was dismissed in its entirety in 2016, with prejudice, for plaintiff's lack of standing. Khan I at ECF No. 39 at 2. The current action is therefore barred by res judicata and must be dismissed.

  The legal doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono of Odham Nation, 131 S.Ct. 1723, 1730 (2011) (internal quotation marks omitted). Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted).

  Here, the plaintiff and defendants are the same, though in Khan I plaintiff also sued T.D. Service Company. Compare, ECF No. 1 at 1 with Khan I, ECF No. 1 at 1. The facts and claims of each case are identical, though plaintiff corrected the numbering of his claims in the more recently filed case. Id. There is privity between the parties: the same parties are litigating over the identical transactions. Where the parties in both actions are identical, they are "quite obviously in privity." Tahoe-Sierra Pres. Council, Inc., 322 F.3d at 1081. All of the elements are met, and the doctrine of res judicata requires that this action be dismissed with prejudice.

## II.  Conclusion

  Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it is barred by the doctrine of res judicata.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 4, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE